UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-mj-157 ZMF |
| | : | |
| PHILLIP CRAWFORD | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES'S MOTION FOR REVOCATION OF RELEASE

The United States of America hereby moves the Court for the entry of an order revoking the release of Phillip Crawford under 18 U.S.C. § 3148(b). Pretrial Services has requested intervention by this Court, with its November 24, 2023 update suggesting Crawford's behavior has not changed since this Court admonished him to comply with his release conditions at a hearing on October 3, 2023. More troubling, Crawford's behavior has instead escalated.

Under 18 U.S.C. § 3148(a), "A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." Crawford's specific conditions have been made clear to him not only by Pretrial Services, but by this Court too.

On July 25, 2023, this Court issued an order setting the conditions of Crawford's release. One condition requires Crawford to be "restricted to [his] residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer . . .." ECF 09 p. 2.

On September 29, 2023, Pretrial Services reported Crawford was not in compliance with his conditions of release. It noted, Crawford had incurred several location monitoring infractions and was provided verbal warnings after each infraction and reminded of his conditions of release. On October 3, 2023, this Court admonished Crawford and ensured he be re-sworn to his conditions of release. *See* Minute Entry, October 3, 2023.

On November 24, 2023, Pretrial Services reported Crawford still has not remained in compliance with his conditions of release. The report notes, "On 11/07/2023, 11/10/2023, 11/16/2023, and 11/21/2023 the defendant incurred additional location monitoring violations." ECF 12. More troubling, on both November 14, 2023, and November 20, 2023, 'strap tamper alerts' occurred on Crawford's monitoring device. Following each, a buildup of dirt inside the housing interfered with the sensors. After the November 14 alert, the monitor was cleaned, a new strap was installed, and Crawford was advised on how to protect the equipment. Less than a week later, the same problem occurred.

These incidents occurred after this Court's admonishment, and after an October 3, 2023, unannounced home visit. During that home visit—not presented to the Court at the October 3, 2023 hearing—Crawford told Pretrial Services he had researched the location monitoring equipment issued to him. Crawford expressed that "he knew a great deal of information about the equipment and that he could 'probably remove it without this officer knowing.'" ECF 12-1 p. 3.

## Hearing on Allegations

Under 18 U.S.C. § 3148(b), "The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." Further, an order of revocation *shall* be ordered if after hearing,

> The judicial officer—
> (1) finds that there is—

2

> . . .
>       (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
> . . .
>       (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

The government therefore requests an in-person hearing, pursuant to 18 U.S.C. § 3184(b), and seeks the defendant's revocation of his current release status. Although the monitoring conditions here include broad exceptions and envision additional exceptions following communication with his pretrial officer, the defendant has illustrated his unwillingness to abide by the Court's orders through repeated and unexplained location violations. Further, Crawford's statements regarding his research of the monitoring equipment, and its subsequent tamper alerts, illustrates that the defendant seeks to dictate his own release conditions and is therefore unlikely to abide by this Court's orders.

                                Respectfully submitted,

                                  MATTHEW M. GRAVES
                                United States Attorney
                                D.C. Bar No. 481052

Date: November 24, 2023                /s/ *Adam M. Dreher*
                                ADAM M. DREHER
                                Assistant United States Attorney
                                Michigan Bar No. P79246
                                601 D. St. N.W.
                                Washington, D.C. 20530
                                (202) 252-1706
                                adam.dreher@usdoj.gov